# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50277
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

DAVID DRAKE,

      Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-258-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Defendant David Drake appeals from the judgment imposing a 120-month sentence following his guilty plea to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Drake argues here that the district court clearly erred in applying a four-level Section 2K2.1(b)(6)(B) enhancement, based on a finding that the firearms were found in close

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50277

proximity to drugs and drug paraphernalia during a drug-trafficking offense. Drake contends that he was not involved in a drug-trafficking offense and that the firearms did not facilitate his drug possession. We AFFIRM.

FACTUAL AND PROCEDURAL BACKGROUND

In 2017, the vehicle Drake was driving was stopped by an officer of the police department in Odessa, Texas. Drake consented to a search, which yielded 14 alprazolam pills that were not prescribed to him. Drake was indicted and convicted in Texas state court for possession of a dangerous drug.

Approximately a year later, Odessa police were informed that narcotics were being sold out of Drake's residence. Officers began surveillance on Drake's residence on October 23, 2018. They saw a Ford F-150 truck leave the residence and commit a traffic violation, allowing the officers to initiate a traffic stop. Drake was the driver of the vehicle and consented to a search by the officers. The officers found a clear baggie containing methamphetamine.

Soon after the traffic stop, Drake's brother contacted the officers and informed them that Drake's adult son had removed firearms from Drake's bedroom and garage, then hid them and a bag with suspected narcotics in Drake's attic. The officers obtained a search warrant for Drake's residence and executed it on October 24, 2018. In the attic, the officers found two 9mm handguns, a 12-gauge shotgun, a .17 caliber rifle, black-tar heroin, and drug paraphernalia. In Drake's bedroom, officers located ammunition for the .17 caliber rifle. The officers also found a 9mm handgun in Drake's Cadillac.

In November 2018, Drake was indicted as a felon in possession of a firearm. Without a plea agreement, Drake pled guilty to the indictment on December 14. At the sentencing hearing, the district court adopted the presence report ("PSR"). The PSR concluded, among other things, that Drake should receive a four-level upward adjustment under Section

2

No. 19-50277

2K2.1(b)(6)(B) of the Sentencing Guidelines, comment note 14(B), because "the firearms, drug paraphernalia, and black tar heroin located in the attic are indicative of drug trafficking." Drake objected to that adjustment, arguing that the firearms and drug-related items were 70 feet from each other and that the trace amount of supposed drug residue found on the paraphernalia was not tested in a lab. The district court overruled the objection after finding that the firearms and contraband were proximately located and that the disputed adjustment was thus warranted. The district court imposed a within-Guidelines sentence of 120 months in prison and a three-year term of supervised release. This timely appeal followed.

DISCUSSION

The parties dispute the standard of review. The Government argues that Drake's argument on appeal is different than the one he made in district court, therefore subjecting it to plain-error review. Drake's objection in the district court to the enhancement was that the firearms and contraband were not proximately located. On appeal, Drake argues that he was not involved in a drug-trafficking offense and that the firearms did not facilitate his drug possession. It seems to us that both in the district court and here, Drake has argued in only slightly different language that the evidence does not support a connection between the drugs and the firearms, making the enhancement inapplicable. We consider the issue preserved. We will examine for clear error the district court's factual inference that the proximity of items in Drake's attic indicated drug trafficking. *See United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *United States v. Williams*, 520 F.3d 414, 422 (5th Cir. 2008).

No. 19-50277

Section 2K2.1(b)(6)(B) of the Sentencing Guidelines provides for a four-level increase if the defendant "used or possessed any firearm . . . in connection with another felony offense." The enhancement applies "if the firearm . . . facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1 cmt. n.14(A). Additionally, this enhancement also applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." § 2K2.1 cmt. n.14(B)(ii). The commentary explains that the enhancement "is warranted because the presence of the firearm has the potential of facilitating another felony offense or another offense." *Id.*

The district court relied in part on the PSR, which supported that the firearms had been taken from Drake's bedroom and from the garage by his son, along with a bag containing suspected narcotics, to be hidden in the attic where black-tar heroin and drug paraphernalia were also located. When imposing the enhancement, the district court did not discuss the distance between the drug paraphernalia and black-tar heroin, though defense counsel had just argued that the distance was too great to show a connection. We conclude the district court implicitly inferred from these facts that Drake's firearms were in close proximity to drug paraphernalia over which he also plausibly should be found to have had control, meaning the court was applying comment note 14(B)(ii), quoted above. The district court's finding was plausible and therefore not clearly erroneous.

AFFIRMED.

4